UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERIC HARRIS,

                                      Plaintiff,

   v.                                                                9:22-CV-1100
                                                                             (GTS/CFH)

LYNN J. LILLEY, et al.,

                                      Defendants.

---

APPEARANCES:

ERIC HARRIS
Plaintiff, pro se
03-B-0846
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

GLENN T. SUDDABY
United States District Judge

## DECISION AND ORDER

**I.**    **INTRODUCTION**

This action was commenced on or about April 18, 2022, in the United States District Court for the Eastern District of New York ("Eastern District") by pro se plaintiff Eric Harris ("plaintiff"), an inmate currently in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Mohawk Correctional Facility ("Mohawk C.F."). Dkt. No. 1 ("Compl."). In the complaint, plaintiff asserts claims for the violation of his constitutional rights arising out of his confinement in the custody of the Department of Corrections and Community Supervision ("DOCCS") at Eastern Correctional

1

Facility ("Eastern C.F."). *See generally* Compl. At the time plaintiff filed his complaint, he also applied to proceed in the action in forma pauperis ("IFP"). Dkt. No. 2.

On October 24, 2022, Magistrate Judge Lois Bloom transferred this matter to this District because all of the facts giving rise to plaintiff's claims occurred in Ulster County, which is located in this District. Dkt. No. 5. Judge Bloom referred a determination on the IFP Application and the sufficiency of the claims to this Court. *Id.*

Upon receipt of the transfer, this Court issued an Order administratively closing this action due to plaintiff's failure to comply with the filing fee requirements. Dkt. No. 7. On November 14, 2022, plaintiff paid the full filing fee. Dkt. No. 8.

## II.     SUFFICIENCY OF THE COMPLAINT

### A. Standard of Review

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While pro se parties are held to less stringent pleading standards, the Second Circuit has held that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee." *See Fitzgerald v. First E. Seventh St. Tenants*

*Corp.*, 221 F.3d 362, 363 (2d Cir. 2000).  Indeed, "district courts are especially likely to be exposed to frivolous actions and, thus, have [a] need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."  *Id*. at 364.  A cause of action is properly deemed frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Because he is proceeding pro se, the Court will construe the allegations in plaintiff's complaint with the utmost leniency.  *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

### B.  Summary of the Complaint

The following facts are set forth as alleged by plaintiff in his complaint.

On June 30, 2020, plaintiff received legal documents related to an Article 78 petition from the State of New York Unified Court System.  Compl. at 4.  Specifically, plaintiff received a court order, dated June 26, 2020, directing plaintiff to serve a copy of the order upon the respondent, William A. Lee, the former Chief Administrator for Eastern C.F. and the Office of the Attorney General.  *Id*.  The county court order also directed the Eastern C.F. Inmate Records Coordinator to deduct the filing fees from plaintiff's institutional trust fund account.  *Id.* at 5.  Defendant Business Office Assistant Dawn J. Osterdahl ("Osterdahl") deducted the court fees on July 2, 2020.  *Id*.

On July 7, 2020, plaintiff placed two individually wrapped parcels in an "official depository receptacle."  Compl. at 5.  The envelopes were labeled "legal mail" and were addressed to William A. Lee and the Office of the New York State Attorney General.  *Id*.

4

Plaintiff complied with all procedures related to outgoing privileged correspondence. *Id*. at 6.

On July 16, 2020, at approximately 10:30 p.m., plaintiff returned to his cell to find the parcels on his bed. Compl. at 5. The parcels were not "disturbed" and the "authorized advance request form 2708" and "disbursement form 2706" were still affixed to each envelope.[1] *Id*. at 6.

On July 17, 2020, plaintiff re-submitted both parcels for mailing by depositing the sealed envelopes in an official receptacle. Compl. at 6. The envelopes were mailed out on July 21, 2020. *Id*.

On August 3, 2020, plaintiff filed a grievance related to the mail issues. Compl. at 7. During the grievance hearing, defendant Correspondence Office Assistant, Sherry M. Ellsworth ("Ellsworth") stated that plaintiff's parcels were received and forwarded to defendant Business Office Supervisor Lynn M. McKeon ("McKeon") on July 21, 2020, for processing. *Id*. Conversely, plaintiff noted that the "disbursements still affixed" to the parcels were date stamped July 10, 2020 and therefore, the parcels must have been in the possession of the Correspondence Department as early as July 8, 2020. *Id*. At the conclusion of the hearing, the Inmate Grievance Resolution Committee ("IGRC") found that the parcels were sent out in a timely manner. Compl. at 8.

Plaintiff appealed the IGRC's decision to defendant Shelley Mallozzi ("Mallozzi"), the Director of the Inmate Grievance Program ("IGP"). Compl. at 8. To date, Mallozzi has not responded or instructed the Eastern C.F. Business Office or Correspondence Office on the mail procedures. *Id*.

---

[1] Disbursement Form 2706 is required to "cover any additional fees not already borne by the Plaintiff." Compl. at 15.

On August 11, 2020, the New York State Attorney General filed a motion to dismiss plaintiff's Article 78 petition for failure to comply with the service requirements. Compl. at 8-9. On August 26, 2020, the Ulster County Court issued an order dismissing plaintiff's petition. *Id*. at 9.

On December 16, 2020, plaintiff deposited a parcel addressed to Assistant Attorney General Pinsonnault at the Office of the New York State Attorney General in the mailbox in B3-block. Compl. at 13. The envelope was marked "confidential legal mail" and included first class postage and a disbursement form. *Id*.

On December 30, 2020, plaintiff received a copy of the disbursement form. Compl. at 13. The form, dated December 16, 2020, was approved by McKeon indicated that the Business Office deducted funds from plaintiff's institutional trust fund account. *Id*. However, the parcel was not mailed until December 30, 2020. *Id*. at 15.

Construing the complaint liberally[2], plaintiff asserts First Amendment claims related to mail interference and access to the court claims. Compl. at 10. Plaintiff seeks a declaratory judgment and monetary damages. *Id.* at 21-22. For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

### C. Nature of Action

---

[2] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

### III.   ANALYSIS

"[A] prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment."  *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (citations omitted). However, a prisoner's right to receive and send mail may be regulated to an extent.  *See, e.g., Davidson v. Mann*, 129 F.3d 700, 702 (2d Cir. 1997).  To establish a violation, the inmate must show that prison officials "regularly and unjustifiably interfered with the incoming legal mail."  *Davis*, 320 F.3d at 351.  In *Washington v. James*, the Second Circuit found that "as few as two incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received."  *Id.* (citing *Washington*, 782 F.2d at 1139).

The right to access the court is implicated when prison officials "actively interfer[e] with inmates' attempts to prepare legal documents[ ] or file them[.]"  *Lewis v. Casey*, 518 U.S.

7

343, 350 (1996) (internal citations omitted).  To establish a denial of access to the courts claim, a plaintiff must satisfy two prongs. First, a plaintiff must show that the defendant acted deliberately and maliciously.  *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003).  Second, the plaintiff must demonstrate that he suffered an actual injury, "i.e. [the defendant] took or was responsible for actions that hindered a plaintiff's efforts to pursue a legal claim." *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir.1997) (internal citations, quotation marks, and alterations omitted).

### A.  Claims Against Mallozzi, Lilley, Morris, and McKeon

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983."  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)).  As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983.  *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic.").  In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered."  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "[T]here is no special rule for supervisory liability.  Rather, a 'plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, had violated the Constitution.' " *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (citing *Iqbal*, 556 U.S. at 676).

With respect to Mallozzi, plaintiff alleges that she failed to render a decision on

8

plaintiff's grievance or provide instructions regarding "ordinary procedures associated with the processing of regular mail." Compl. at 8. Even assuming Mallozzi was aware of plaintiff's grievance or appeal, her "mere knowledge" is insufficient to adequately plead a Section 1983 violation. *See Fabrizio v. Smith*, No. 9:20-CV-0111 (GTS/ML), 2021 WL 2211206, at *10 (N.D.N.Y. Mar 10, 2021) (dismissing First Amendment claim based upon the denial of a grievance/appeal for lack of personal involvement) (citations omitted).

With respect to Superintendent Lynn J. Lilley ("Lilley"), plaintiff claims that Lilley overlooked complaints and appeals and permitted "administrative personnel" to deliberately withhold plaintiff's legal mail. Compl. at 15-16. Plaintiff also asserts that Deputy Superintendent Cheryl V. Morris ("Morris") "oversaw the mechanics of the Correspondence Department" and that McKeon oversaw the "daily operations" of the Business Office. *Id*. These statements merely demonstrate that Lilley, Morris, and McKeon acted in supervisory roles and are far from sufficient to demonstrate personal involvement. *See Tangreti*, 983 F.3d at 618.

### B. Claim Against Osterdahl

Plaintiff alleges that Osterdahl approved the deduction of court fees from his inmate trust account on July 2, 2020. Compl. at 5. This allegation, without more, does not implicate this defendant in any unconstitutional conduct. In the absence of factual allegations sufficient to plausibly suggest that this defendant was personally involved in conduct that violated plaintiff's First Amendment rights, the complaint fails to state a cognizable claim against her. *See Casino v. Rohl,* No. 14-CV-2175, 2014 WL 5425501, at *6 (E.D.N.Y. Oct. 23, 2014) (dismissing complaint since the plaintiff had not adequately pled the defendant's

9

personal involvement in any of the constitutional deprivations alleged in the pleading).

### C.  Claim Against Ellsworth

Construing the complaint liberally, plaintiff asserts that Ellsworth failed to timely process plaintiff's fully paid parcels on one occasion, in July 2020.  Compl. at 16.  Even assuming the truth of this assertion, the complaint lacks allegations suggesting that Ellsworth was personally involved in the regular interference with plaintiff's incoming legal mail.  Moreover, the complaint is devoid of allegations suggesting that Ellsworth deliberately or intentionally delayed processing plaintiff's disbursements or that Ellsworth was in any way responsible for retrieving, handling, or mailing plaintiff's legal mail after the mail left the Business Office.

Accordingly, plaintiff's First Amendment claims are dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

## IV.     CONCLUSION

**ORDERED** that if plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above **within thirty (30) days** from the date of the filing of this Decision and Order; and it is further

**ORDERED** that, if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED without prejudice** without further order of this Court pursuant to 28 U.S.C. § 1915(A) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order.  In

that event, the Clerk is directed to close this case; and it is further

      **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff, together with a copy of the complaint.

Dated: December 5, 2022

                                                 Hon. Glenn T. Suddaby
                                                 Chief U.S. District Judge