UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ERIC HARRIS,

                             Plaintiff,

        v.                                                  9:22-CV-1100
                                                             (GTS/CFH)

LYNN J. LILLEY, et al.,

                             Defendants.
_____

APPEARANCES:

ERIC HARRIS
Plaintiff, pro se
03-B-0846
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

**I.  INTRODUCTION**

In April 2022, pro se plaintiff Eric Harris ("plaintiff") commenced this action by submitting a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") in the United States District Court for the Eastern District of New York ("Eastern District"), with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP" Application).  The complaint contained allegations of wrongdoing that occurred, if at all, while plaintiff was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Eastern Correctional Facility ("Eastern C.F.").  *See generally*

Compl.

By Decision and Order filed on October 24, 2022 (the "October Order"), Magistrate Judge Lois Bloom transferred this matter to this District because all of the facts giving rise to plaintiff's claims occurred in Ulster County, which is located in this District. Dkt. No. 5. Judge Bloom referred a determination on the IFP Application and the sufficiency of the claims to this Court. *Id.*

In a Decision and Order filed on December 6, 2022 (the "December Order"), this Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). Dkt. No. 10. The Court dismissed all claims, without prejudice, for failure to state a cause of action. *Id*. In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id*.

Plaintiff's amended complaint is now before the Court for review. Dkt. No. 15 ("Am. Compl.").

## II.   SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the December Order and it will not be restated in this Decision and Order. *See* Dkt. No. 10 at 2-4.

### B.  Summary of Amended Complaint[1]

---

[1] The amended complaint includes exhibits. *See* Dkt. No. 15-1. To the extent that the exhibits are relevant to the incidents described in the amended complaint, the Court will consider the documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by

With the amended pleading, plaintiff adds the following defendants: Jane Doe #1 and Jane Doe #2, "Business Office Assistants/Clerks."[2]  *See generally* Am. Compl.  The amended complaint does not include claims against defendants Dawn Osterdahl ("Osterdahl") and Sherry M. Ellsworth ("Ellsworth").[3]  *See id.*

The following facts are set forth as alleged by plaintiff in his amended complaint.

On June 30, 2020, plaintiff received legal correspondence from the State of New York Unified Court System of Combined Courts, Supreme and County Courts, Ulster County. Am. Compl. at ¶ 17.  The correspondence related to plaintiff's Article 78 petition (Index No. 2020-1386) against William A. Lee and Eastern NY Correctional Facility.  *Id*.  Specifically, plaintiff received a court order, dated June 26, 2020, directing plaintiff to serve a copy of the order upon the respondent and the Office of the Attorney General on or before July 13, 2020. *Id*. at ¶ 18; Dkt. No. 15-1 at 4.  The county court order also directed the Eastern C.F. Inmate Records Coordinator to deduct the filing fees from plaintiff's institutional trust fund account. Am. Compl. at ¶ 19; Dkt. No. 15-1 at 6.

On July 2, 2020, plaintiff completed a Disbursement Request (Form 2706) for the filing fee.  Dkt. No. 15-1 at 8.  The form was marked "received" on July 13, 2020.  *Id*.

On July 7, 2020, plaintiff placed two wrapped parcels in an "established depository mailbox."  Am. Compl. at ¶ 23.  The parcels were labeled "legal mail" and were addressed to William A. Lee and the Office of the New York State Attorney General.  *Id*.  Plaintiff affixed an

---

reference).

[2]  The Clerk of the Court is directed to add these individuals to the docket report as defendants herein.

[3]  The Clerk of the Court is directed to terminate Osterdahl and Ellsworth as defendants herein.

"Authorized Advance Request" form directing defendants Jane Doe #1 and Jane Doe #2 to "proceed with collection and repayment of advances" to the exterior of each parcel. *Id*. at ¶ 24; Dkt. No. 15-1 at 15.  Plaintiff complied with all procedures related to outgoing privileged correspondence.  Am. Compl. at ¶¶ 25-26.

On July 16, 2020, at approximately 10:30 p.m., plaintiff returned to his cell to find the parcels and disbursement forms on his bed.  Am. Compl. at ¶ 27.  The disbursement forms contained a date stamp from the Business Office (July 10, 2020) and handwritten notations "breaking down the associated mailing fees."[4] *Id*.; Dkt. No. 15-1 at 22.

On July 17, 2020, plaintiff resubmitted both parcels for mailing with disbursement forms.  Am. Compl. at ¶ 28.  Jane Does #1 and #2 "acknowledged receipt" of the parcels on July 21, 2020.  *Id*.; Dkt. No. 15-1 at 26.

On August 11, 2020, the New York State Attorney General filed a motion to dismiss plaintiff's Article 78 petition for failure to comply with the service requirements.  Am. Compl. at ¶ 32.  On August 26, 2020, the Ulster County Court issued an order dismissing plaintiff's petition. *Id*. at ¶ 34.

On August 3, 2020, plaintiff filed a grievance.  Am. Compl. at ¶ 31.  The Inmate Grievance Resolution Committee ("IGRC") found that the parcels were sent out in a timely manner. *Id*.  Plaintiff appealed the IGRC's decision*. Id.*  On September 1, 2020, the Acting Superintendent found no evidence to support plaintiff's allegations of malfeasance.  Dkt. No. 15-1 at 47.  Plaintiff appealed the decision to defendant Inmate Grievance Program ("IGP") Director, Shellley Mallozzi ("Mallozzi").  Am. Compl. at ¶ 36; Dkt. No. 15-1 at 49.  Mallozzi did

---

[4]  The names of the individual who approved the requests are not legible.  Dkt. No. 15-1 at 22.

not respond and did not provide defendants Superintendent Lynn J. Lilley ("Lilley"), Business Office Supervisor Lynn M. McKeon ("McKeon"), or Mailroom Supervisor Cheryl V. Morris ("Morris") with instructions regarding the procedures for "outgoing time sensitive privileged correspondences."  Am. Compl. at ¶ 38.

On December 16, 2020, plaintiff deposited a parcel addressed to the Assistant Attorney General ("AAG") in the mailbox in B3-block.  Am. Compl. at ¶ 78.  The envelope was marked "confidential legal mail" and included first class postage and a disbursement form.  *Id.* at ¶¶ 79-80; Dkt. No. 15-1 at 67.

On December 18, 2020, plaintiff mailed "privileged correspondence" to the Albany County Clerk and attached a disbursement form.  Am. Compl. at ¶ 81; Dkt. No. 15-1 at 65.  The correspondence "correlated with the claim made and served" on the AAG two days prior.  Am. Compl. at ¶ 81.

On December 22, 2020, plaintiff received notification that the disbursement form for his parcel to the Albany Clerk was not necessary as it contained sufficient postage, and confirmation that the correspondence to the Albany Clerk was processed in a timely fashion.  Am. Compl. at ¶ 82.

On December 30, 2020, plaintiff received a copy of the disbursement form for the parcel addressed to the AAG.  Am. Compl. at ¶ 83.

On January 18, 2021, plaintiff deposited two parcels marked "urgent legal mail" into a receptacle on B-3 block.  Am. Compl. at ¶ 124. The parcels were addressed to the AAG and the Albany County Clerk and contained documents supporting his application to the New York State Appellate Division, Third Department, for an extension of time to file an appeal of a Decision and Order entered on November 4, 2020 in the Albany County Supreme and

County Courts. *Id*. at ¶¶ 122-123; Dkt. No. 15-1 at 83-88. Plaintiff affixed disbursement forms and postage on the parcels. Am. Compl. at ¶¶ 125-126; Dkt. No. 15-1 at 83-88.

On January 19, 2021, plaintiff received a copy of his disbursement form for the parcel addressed to the Albany Clerk. Am. Compl. at ¶ 128; Dkt. No. 15-1 at 93. On January 29, 2021, plaintiff received a copy of his disbursement form for the parcel addressed to the AAG. Am. Compl. at ¶ 127; Dkt. No. 15-1 at 90.

On January 29, 2021, plaintiff filed a grievance. Am. Compl. at ¶ 131. The IGRC denied his grievance and plaintiff appealed. Am. Compl. at ¶ 135; Dkt. No. 15-1 at 104. Lilley issued a decision granting the grievance, "only to the extent" that plaintiff was overcharged. Am. Compl. at ¶ 136; Dkt. No. 15-1 at 106. Plaintiff appealed Lilley's decision to Mallozzi. Am. Compl. at ¶ 138. Mallozzi upheld the determination. *Id.* at ¶ 139; Dkt. No. 15-1 at 114.

On February 8, 2021, plaintiff submitted a "missive" to Morris reiterating that his legal mail was not being processed in a timely fashion. Am. Compl. at ¶ 133; Dkt. No. 15-1 at 93.

Construing the amended complaint liberally, plaintiff asserts First Amendment access-to-court claims.[5] *See generally* Am. Compl. Plaintiff seeks monetary damages, declaratory relief, and injunctive relief. *Id*. at ¶¶ 15, 49-51, 151-153.

## C. Analysis

Plaintiff claims Jane Doe #1 and Jane Doe #2 withheld and delayed his legal mail in violation of his First Amendment rights. *See* Am. Compl. at ¶¶ 39, 137. Plaintiff also asserts

---

[5] Plaintiff alleges, in a conclusory manner, that defendants violated his Fourteenth Amendment due process and equal protection rights. *See* Am. Compl. at ¶¶ 39, 140. The pleading however, is devoid of facts supporting these claims. As such, the claims are legally insufficient to allow the Court to conduct the proper legal analysis.

that Lilley, McKeon, and Morris, in their supervisory capacities, acted to prevent plaintiff's legal mail from departing the facility in a timely fashion and failed to provide adequate training. *Id*. at ¶¶ 46, 48, 87-88, 103, 150. Plaintiff alleges that Mallozzi failed to direct the Eastern C.F. administration to cease withholding legal mail or advise on proper procedures. *Id.* at ¶¶ 47, 89.

In *Bounds v. Smith*, the Supreme Court held that access to the courts is a fundamental right that requires prison authorities to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 828 (1977).

To state a claim for denial of access to the courts, a plaintiff must assert non-conclusory allegations demonstrating that (1) the defendant acted deliberately, and (2) the plaintiff suffered an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 353 (1996); *Konigsberg v. Lefevre*, 267 F.Supp.2d 255, 261 (N.D.N.Y. 2003) ("Prison officials may only be held liable for such injury if they frustrated or impeded a prisoner's efforts to pursue a non-frivolous legal claim.").

However, "[a] hypothetical injury is not sufficient to state a claim for violation of the right of access to the courts." *Amaker v. Haponik*, No. 98-CV-2663, 1999 WL 76798, at *3 (S.D.N.Y. Feb. 17, 1999). Instead, a plaintiff must demonstrate "actual injury" by establishing that the denial "hindered his efforts" to pursue a non-frivolous legal claim. *Lewis*, 518 U.S. at 349, 351-53 (noting that "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense"). "Mere 'delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.' " *Davis*, 320 F.3d at

352 (citing *Jermosen v. Coughlin*, 877 F.Supp. 864, 871 (S.D.N.Y. 1995)).

The Supreme Court has stated that, in order to allege a denial of access to the courts claim, "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The Supreme Court instructed that the underlying claim "must be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id*. at 415-16.

"Finally, . . . the injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 354. Rather, the injury must be to an inmate's ability "to attack [his] sentence[ ], directly or collaterally, [or] . . . to challenge the conditions of [his] confinement." *Id*. at 355. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*.

Here, the Court has conducted a thorough review of plaintiff's 68-page pleading, with 114-pages of exhibits and concludes that plaintiff has failed to sufficiently plead that any defendant acted with the requisite malicious intent or acted deliberately in an attempt to impede his access to the courts.

With respect to the Article 78 petition, plaintiff alleges that his legal parcels addressed to the respondent and Attorney General were returned to him and, as a result, his petition was dismissed for untimely service. Plaintiff does not provide any explanation or facts related to why the packages were returned and alleges only that the date stamps on the disbursement forms demonstrate that Jane Doe #1 and Jane Doe #2 were in possession of the parcels "prior to the expiration of plaintiff's statutory limitation." *See* Am. Compl. at ¶ 27. Even assuming the truth of that assertion, the facts do not plausibly suggest that defendants

8

acted maliciously or deliberately to interfere with plaintiff's access to courts. Indeed, the pleading lacks any facts to suggest that defendants acted with a state of mind that amounted to anything more than negligence, which is not actionable under the First Amendment and Section 1983. *See Chaney v. Koupash*, 04–CV–0136 (LEK/DRH), 2008 WL 5423419, at *10 (N.D.N.Y. Dec. 30, 2008) ("However, these allegations are, at best, negligence on the part of defendants in losing Chaney's legal documents after his transfer. This is not enough to establish a First Amendment violation."); *Holmes v. Grant*, 03–CV–3426, 2006 WL 851753, at *12 (S.D.N.Y. Mar.31, 2006) ("Mere negligence resulting in the loss of legal papers . . . does not state an actionable claim [as] plaintiff must allege facts demonstrating that defendants deliberately and maliciously interfered with his access to the courts [under the First Amendment] . . . [such as allegations] that the defendants deliberately stole his legal papers."); *Taylor v. Dretke*, 239 Fed. App'x 882, 883–84 (5th Cir. June 28, 2007) (dismissing prisoner's access-to-courts claim because negligence is not actionable under First Amendment).

Further, plaintiff has not sufficiently plead an actual injury related to the legal parcels addressed to the AAG on December 18, 2020 and January 18, 2021. Plaintiff states only that the parcels were "delayed," but does not allege that any delays in his mail resulted in prejudice to him in any legal proceeding. Thus, the amended complaint fails to state a claim for denial of access to courts, as it relates to these parcels. *See Ford v. Fischer*, No. 9:09-CV-723, 2011 WL 856416, at *7 (N.D.N.Y. Jan. 31, 2011) (citations omitted), *report and recommendation adopted*, 2011 WL 846860 (N.D.N.Y. Mar. 9, 2011); *see, e.g., Chalif v. Spitzer*, No. 05-CV-1355, 2008 WL 1848650, at *11 (Apr. 23, 2008) ("Since plaintiff's complaint fails to allege any prejudice in the form of interference with his pursuit of a

non-frivolous legal claim, this provides an independent basis for dismissal[.]"); *Joseph v. State, Dep't of Corrs*., No. 92-CV-1566, 1994 WL 688303, at *1 (N.D.N.Y. Nov. 24, 1994) (dismissing the plaintiff's access to courts claim because the complaint "failed to allege any adverse effect caused by the alleged denial of his legal mail").

Moreover, as discussed in the December Order,

> "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted, a defendant may only be held accountable for his actions under Section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). "[T]here is no special rule for supervisory liability. Rather, a 'plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, had violated the Constitution.' " *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (citing *Iqbal,* 556 U.S. at 676).

Dkt. No. 10 at 8.

In the December Order, the Court dismissed the claims against Lilley, Morris, and Mckeon reasoning:

> With respect to Superintendent Lynn J. Lilley ("Lilley"), plaintiff claims that Lilley overlooked complaints and appeals and permitted "administrative personnel" to deliberately withhold plaintiff's legal mail. Compl. at 15-16. Plaintiff also asserts that Deputy Superintendent Cheryl V. Morris ("Morris") "oversaw the mechanics of the Correspondence Department" and that McKeon oversaw the "daily operations" of the Business Office. *Id*. These statements merely demonstrate that Lilley, Morris, and McKeon acted in supervisory roles and are far from

10

>sufficient to demonstrate personal involvement. *See Tangreti*, 983 F.3d at 618.

Dkt. No. 10 at 9.

Similarly, the Court dismissed the claims against Mallozzi holding that "mere knowledge" of a grievance or appeal is insufficient to adequately plead a Section 1983 violation." Dkt. No. 10 at 9.

The Court has reviewed the amended complaint and finds that plaintiff has failed to remedy the pleading deficiencies against these defendants as identified in the December Order. The amended complaint lacks any new factual allegations against Lilley, Morris, McKeon, or Mallozzi that would allow the Court to infer that the supervisory defendants were personally involved in obstructing plaintiff's access to the courts. *See Fabrizio v. Smith*, No. 9:20-CV-0011 (GTS/ML), 2021 WL 2211206, at *10 (N.D.N.Y. Mar. 10, 2021) ("In light of *Tangreti*, Plaintiff's attempt to plead personal involvement based upon the denial of a grievance and/or appeals, lacks merit because it does not plausibly suggest '[t]he factors necessary to establish' a First Amendment [ ] claim."), *report and recommendation adopted*, 2021 WL 2211023 (N.D.N.Y. June 1, 2021).

As a result, for the reasons set forth herein and in the December Order, the First Amendment claims are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 15) is accepted for filing and is deemed the operative pleading; and it is further

11

**ORDERED** that the Clerk of the Court is directed to amend the docket report as follows: (1) add Jane Doe #1 and Jane Doe #2 as defendants herein; and (2) terminate Osterdahl and Ellsworth as defendants; and it is further

**ORDERED** that the amended complaint is **DISMISSED** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff.

Dated: May 16, 2023
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

12